**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **SHANE L. HILL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-1290** |
| **DEPUTY CROSBY, ET AL.** | **SECTION "I" (4)** |

## REPORT AND RECOMMENDATION

Plaintiff Shane L. Hill ("Hill") filed a complaint pursuant to 42 U.S.C. § 1983, which was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and(2). Having considered the record and the applicable law, the Court has determined that this matter can be disposed of without an evidentiary hearing.

## I. Background

### A. Complaint (ECF No. 4)

Hill was a pretrial detainee in Plaquemines Parish Detention Center at the time of filing this *pro se* and *in forma pauperis* complaint pursuant 42 U.S.C. § 1983 against defendants Deputy Crosby and Sheriff Gerald A. Turlich, Jr. ECF No. 4 at 1; *id.*, ¶III(B)-(C), at 4. Broadly construing his complaint, Hill alleges that on November 19, 2025, he was placed in handcuffs, waist chains, and leg iron restraints to be transported to court in the 25th Judicial District along with several other inmates. *Id.* at 6. Hill states that after court, Deputy Crosby had him and the other inmates disembark the transport van while in their restraints. *Id.* at 7. Hill claims that Deputy Crosby stood next to a portable step to assist the inmates in disembarking. To the best of his recollection, Hill believes that all the other inmates disembarked from the van without incident.

Hill alleges that when it was his turn to disembark, he stepped onto the portable step and somehow fell onto the concrete. *Id.* at 7. He states that Deputy Crosby made no efforts to ensure

he safely disembarked. *Id*. at 8. Hill claims that when he fell, he hit his face, upper arm, and knee on the concrete and was yanked up by Deputy Crosby and taken to medical. At medical, Hill states the nurse sent him to the emergency room at Plaquemines Medical Center where he received x-rays and was prescribed medications. *Id*. at 8-9. Hill alleges he suffered no broken bones but had severe pain and abrasions on his face, neck, right arm, right knee, and both wrists. He claims that he continued to receive his medications as prescribed.

Hill states that he is suing Deputy Crosby in his individual capacity for failure to protect him from serious harm and related state law claims of negligence. Hill also states he is suing Sheriff Gerald A. Turlich, Jr. in his individual capacity for related state law claims of vicarious liability and negligence. *Id*. at 9-10. As relief, Hill seeks nominal, compensatory, and punitive damages for his § 1983 claims and general damages for his related state law claims. *Id*., ¶V, at 5.

## II. <u>Standards of Review for Frivolousness</u>

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d

882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

## III. Analysis

### A. Personal Injury

Hill states that he is bringing claims against Deputy Crosby for his failure to protect him when he fell while disembarking from a transport van while in shackles after returning from court.

Hill brought this lawsuit pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983.

Therefore, as the United States Fifth Circuit Court of Appeals has explained:

> There are two essential elements to any section 1983 action. First, the conduct complained of must have been committed by a person acting under color of state law; and second, this conduct must have deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Augustine v. Doe*, 740 F.2d 322, 324–25 (5th Cir. 1984) (emphasis added).

In reviewing Hill's allegations, the second element is clearly lacking with respect to any claims concerning plaintiff's slip and fall because such claims are grounded in state tort law and

not federal constitutional law as required for a § 1983 claim. *See, e.g., Baker v. McCollan*, 443 U.S. 137, 146 (1979) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."); *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) ("[T]he lower court essentially held that prisoner slip-and-fall claims almost never serve as the predicate for constitutional violations as a matter of law. We agree with this conclusion… Other federal courts, including district courts in this circuit, have frequently rejected constitutional claims arising from slip and fall accidents."); *Fitch v. Terrebonne Parish Crim. Just. Complex*, No. 18-1844, 2018 WL 3145842, at *2 (E.D. La. Apr. 24, 2018) (prisoner's claim that he fell while exiting a prison van failed to state a federal claim); *Marsh v. Jones*, 53 F.3d 707, 712 (5th Cir. 1995) (noting that "slip and fall" lawsuits present "garden-variety negligence claim[s] ... not actionable under section 1983"); *Collins v. Guidry*, No. 25-1805, 2025 WL 3680493, at *4 (E.D. La. Sept. 23, 2025).

For these reasons, the claims asserted by Hill are frivolous and otherwise fails to state a claim for which relief can be granted and should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

**B. <u>Related State Law Claims</u>**

Hill asserts related state law claims of negligence and vicarious liability against Deputy Crosby and Sheriff Gerald A. Turlich, Jr. for his fall.

Pursuant to 28 U.S.C. § 1367(a), in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. This jurisdiction is "a doctrine of discretion," and in so deciding, courts consider "judicial economy, convenience and fairness to litigants," as well as whether "the state issues substantially predominate." *United Mine Workers*

*of America v. Gibbs*, 383 U.S. 715, 726-27 (1966). Ultimately, "[a] district court has 'wide discretion' in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated." *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 161 (5th Cir. 2011) (citing *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999)).

The Fifth Circuit recognizes that its "general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)); *see Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 351 (1988) (when the federal claims are eliminated at an "early stage" of the litigation the district court has "a powerful reason to choose not to continue to exercise jurisdiction"); *Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

For the reasons outlined above, Hill's § 1983 claims may be dismissed with prejudice pursuant to § 1915(e) and § 1915A. Under the provisions of § 1367(c), and balancing the relevant factors of judicial economy, convenience, fairness and comity, the Court should decline to exercise supplemental jurisdiction and dismiss without prejudice Hill's state law negligence and vicarious liability claims against Deputy Crosby and Sheriff Turlich.

## RECOMMENDATION

For the foregoing reasons,

It is **RECOMMENDED** that plaintiff Shane L. Hill's 42 U.S.C. § 1983 claims against defendant Deputy Crosby be **DISMISSED WITH PREJUDICE** as frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

Is it **FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction and **DISMISS WITHOUT PREJUDICE** Hill's state law negligence and vicarious liability claims against defendants Deputy Crosby and Sheriff Gerald A. Turlich, Jr.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[1]

New Orleans, Louisiana, this 11th day of August, 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996). *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.